HAVANA COMMERCIAL CO. v. NICHOLS et al.

(Circuit Court, S. D. New York. June 19, 1907.)

1. TRADE-MARKS AND TRADE-NAMES—NAMES SUBJECT TO APPROPRIATION—"LA CAROLINA."

The name "La Carolina," as a trade-mark for cigars, is not invalid as either the name of an individual or a geographical name, and is infringed by the name "La Coralina," used also for cigars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 68, 72.

Use of geographical names, see notes to Hoyt v. A. T. Lovett Co., 17 C. C. A. 657; Illinois Watch Case Co. v. Elgin Nat. Watch Co., 35 C. C. A. 242.]

2. SAME—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

While mere delay or acquiescence will not defeat the right to an injunction to restrain infringement of a trade-mark, it may afford good ground for denying a preliminary injunction to put a stop to an established business prior to a final hearing.

In Equity. On motion for preliminary injunction.

Wise & Lichtenstein, for complainant.
Hotchkiss & Barber, for defendants.

LACOMBE, Circuit Judge. This seems to be a properly registered trade-mark, under the act of 1905. It is not the "name of an individual"; at least the court is informed of no individual, historical or other, whose name was or is "La Carolina," and neither the affidavits nor the briefs disclose the existence of any such person. Nor is it a "geographical name or term." Defendant's counsel was unable upon the argument to identify geographically any place as "La Carolina," although reference was made to North Carolina and South Carolina and to the Caroline Islands. The term "La Coralina" is manifestly an infringement. The mere transposition of the vowels "a" and "o" effects a change hardly appreciable by either the eye or the ear.

It appears, however, by defendants' affidavits, that they began the puting up and selling of cigars under that term 19 years ago, that they advertised them extensively, and that their sales have been large and continuous. Complainant asserts that this was without the knowledge

of itself or its predecessors; but it is thought that all questions can better be determined at final hearing upon pleadings and proofs, when the facts will be more satisfactorily presented. It is no doubt well settled that mere delay or acquiescence will not defeat the remedy by injunction, although it may debar complainant from any recovery of profits or damages. Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526. But such laches may, in proper cases, afford good ground for further delay in putting a stop by injunction to an established business.

It would seem that the equities can be more satisfactorily considered at final hearing than upon motion on affidavits, and for that reason the present application is denied.